IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| STEVE ALLEN HUGHEY | § | |
| VS. | § | CIVIL ACTION NO. 1:16cv184 |
| UNITED STATES OF AMERICA | § | |

### MEMORANDUM ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Steve Allen Hughey, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the motion be denied and dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Movant filed objections to the magistrate judge's Report and Recommendation.

The court conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes movant's objections should be overruled.

Movant seeks to amend his motion to vacate and add a claim pursuant to the recent Supreme Court ruling in *Rehaif v. United States*, ___ U.S. ___, 139 S. Ct. 2191, 204 L.Ed.2d 594 (2019). In *Rehaif*, the Court held that in a prosecution under 18 U.S.C. § 922(g), "the Government must prove both that the defendant knew he possessed a firearm *and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Id.* at 2200 (emphasis added). Movant argues his conviction under § 922(g) should be overturned because no evidence was offered as to his knowledge of his status.

1

Here, however, movant pleaded guilty to the charged offense of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). As part of his plea, movant signed a factual basis and stipulation admitting that on January 28, 2010 he knowingly possessed a firearm, a Marlin Ranger 103-13, .22 caliber rifle, and that, prior to possessing the rifle, he had been convicted of the felony offense of unlawful possession of a firearm by a felon in Liberty County, Texas on June 12, 2008. It was also stipulated that the Government could produce evidence that the firearm was a functional firearm and that the firearm had traveled in and affected interstate commerce. Further, at the plea hearing, movant admitted he signed the factual basis and stipulation, he understood the same, and that he signed it knowingly and voluntarily. Movant had no objection to the factual basis and stipulation, and he admitted to the court that he was pleading guilty because he was guilty. Accordingly, movant's new argument fails on the merits.

Furthermore, movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

### O R D E R

Accordingly, movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED** this the **10** day of **September, 2019.**

_____
Thad Heartfield
United States District Judge